UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KIRK MELERINE & WENDY MELERINE**                               **CIVIL ACTION**

**VERSUS**                                                                                   **NO. 06-9568**

**STATE FARM INSURANCE COMPANY, ET AL.**            **SECTION: "K"(1)**

### MEMORANDUM AND ORDER

Before the Court are the Motion for Summary Judgment to Enforce Compromise (Rec. Doc. 26) ("Mot. Summ. Judg.") filed by Defendant State Farm Insurance Company ("State Farm") and the Motion to Reopen Case (Rec. Doc. 31) ("Mot. Reopen") by Plaintiffs Kirk and Wendy Melerine. After having reviewed the pleadings filed in this matter and the relevant law, this Court concludes that the Motion for Summary Judgment shall be granted and the Motion to Reopen the Case denied.

### I. FACTS

The facts of this case are fairly simply and straightforward. This matter surrounds a rather typical Hurricane Katrina insurance claim. The plaintiffs, Kirk and Wendy Melerine, are married spouses and live together in St. Bernard Parish. According to the Melerines' complaint, their home was damaged during the hurricane. Subsequently the couple sued their insurance company, State Farm, alleging that the company refused to cover their damage and otherwise

1

had inappropriately adjusted the damages to their home.  The original claim was filed in Louisiana state court, and was then removed to this Court based on diversity jurisdiction on November 3, 2006.  Notice of Removal at 2 (Rec. Doc. 1) ("Not. Removal").

The parties subsequently entered into settlement negotiations, reached a settlement, and notified the Court that they wished to have an order of dismissal entered.  The Court accordingly entered an order of dismissal on November 14, 2007, which dismissed the case without prejudice to the right "upon good cause shown within 60 (sixty) days, to reopen the action or seek summary judgment enforcing the compromise if settlement is not consummated within a reasonable time."  Order of Dismissal (Rec. Doc. 25).  The next filing occurred on January 11, 2008 (58 days after entry of the dismissal order), at which time the Plaintiffs filed their Motion to Reopen the Case and State Farm filed its Motion for Summary Judgment to Enforce the Settlement.  The Court was subsequently informed by the parties that Plaintiffs' counsel had only obtained the authority of Kirk Melerine to enter into a settlement, but that counsel had not obtained the authority of Wendy Melerine, who is also named as a plaintiff in this matter.  When Wendy Melerine objected to the settlement as it had been framed, she refused to sign the settlement documents, thus allegedly preventing any settlement from being consummated.

## II.  ANALYSIS

Upon a motion for summary judgment, such judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "The party moving for summary judgment bears the initial burden

of 'informing the district court of the basis for its motion, and identifying those portions [of the record] which it believes demonstrate the absences of a genuine issue of material fact.'" *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007), *quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "In adjudicating a motion for summary judgment, the court must view all facts in the light most favorable to the non-movant." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 163-64 (5th Cir. 2006) (citation omitted). Under the Local Rules of this Court, "[e]very motion for summary judgment shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried." E.D. La. Local Civ. R. 56.1. Here, State Farm has filed a statement of undisputed facts, but the Plaintiffs have not submitted their own version of undisputed facts, instead only alleging that Plaintiffs counsel did not have the consent of Plaintiff Wendy Melerine to settle the case. Therefore, pursuant to Local Rule 56.2, this Court will deem all facts set forth in State Farm's motion as admitted by the Plaintiffs. E.D. La. Local Civ. R. 56.2 ("All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.").

Federal courts generally have the power to enforce a settlement agreement. *Eastern Energy, Inc. v. Unico Oil & Gas, Inc.*, 861 F.2d 1379, 1380 (5th Cir. 1988). Under federal common law, the apparent authority of the Melerines' attorney would prevent this settlement agreement from being voided without some evidence presented to rebut this authority. *Marchese v. Secretary, United States Department of the Interior*, 409 F. Supp. 2d 763, 771 (E.D. La. 2006) (Wilkinson, Mag. J.) ("[T]he attorney of record is presumed to have authority to settle his clients' case, and the burden to rebut this presumption falls on the clients who contend that their

3

attorney had no such authority."), *citing In re Artha Mgmt. Inc.*, 91 F.3d 326, 328 (2d Cir. 1996); *Anderson v. Flexel,* 47 F.3d 243, 249 (7th Cir. 1995); *Michaud v. Michaud,* 932 F.2d 77, 80 (1st Cir. 1991); *Greater Kan. City Laborers Pension Fund v. Paramount Indus.,* 829 F.2d 644, 645 (8th Cir. 1987); *Mid-South Towing Co.,* 733 F.2d 386, 390 (5th Cir. 1984); *Terrain Enters., Inc. v. Western Cas. & Sur. Co.,* 774 F.2d 1320, 1322 (5th Cir. 1985).

However, where the settlement agreement is based on a state law claim, "the construction and enforcement of settlement agreements is governed by the principles of state law applicable to contracts generally." *Eastern Energy*, 861 F.2d at 1380, *quoting Lockette v. Greyhound Lines, Inc.*, 817 F.2d 1182, 1185 (5th Cir. 1987). Under the Civil Code, it is required that any agreement "for preventing or putting an end to a lawsuit . . . must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding . . . ." La. Civ. Code Ann. art. 3071 (West 2007). The Fifth Circuit has held that a sixty-day dismissal order, like the one issued in this case, satisfies the requirement that a settlement be in writing. *Mull v. Marathon Oil Co.*, 658 F.2d 386, 388 (5th Cir. 1981); *see also Morrow v. Am. Bank & Trust Co.*, 397 F. Supp. 803, 810 (M.D. La. 1975), *aff'd*, 547 F.2d 309 (5th Cir. 1977) (holding "writing" requirement to be satisfied when plaintiff's attorney announced a case as settled).

Furthermore, Louisiana law requires any settlement agreement to be explicitly agreed upon by the parties. "Although attorneys are presumed to have the authority to negotiate a settlement proposal for their clients, attorneys may not enter into a binding agreement without their client's clear and express consent." *Tran v. Allstate Ins. Co.*, 806 So.2d 103, 106 (La. Ct. App. 4th Cir. 2001), *quoting Dammann v. Molero*, 709 So.2d 344, 345 (La. App. Ct. 4th Cir. 1998). In the present matter, the Plaintiffs have alleged in their pleading that Wendy Melerine

4

did not explicitly consent to the settlement in this case, although the Plaintiffs did not file an affidavit alleging such failure.  The prevailing law in Louisiana, however, suggests that express consent must be shown for a settlement to be consummated, as opposed to the federal common law that establishes an attorney's presumption of authority that must be rebutted by the party claiming defect in consent.  *See Tran*, 806 So.2d at 106 (denying motion to enforce settlement where "[t]here is nothing in the record to indicate that the plaintiff ever gave her attorney the express consent necessary to accept the terms of this settlement."); *Townsend v. Square*, 643 So. 2d 787, 791 (La. Ct. App. 4th Cir. 1994) (refusing to enforce settlement where "[d]efendants make no attempt to refute [plaintiff's] lack of intent").

However, in the present case there appears to be no dispute that Plaintiffs' counsel did have the consent of Kirk Melerine, and the Court concludes that, in this specific matter, the explicit consent of Kirk Melerine is all that is required to confect a settlement.  Louisiana statutory law reveals that, where the issue involves the management of property, either spouse has the ability to bind the other spouse to an agreement.  Again, "[t]he *Erie* doctrine requires a federal court sitting in diversity to apply the state law in which it sits." *Lowe v. Hearst Communications, Inc.*, 487 F.3d 246, 252 n.4 (5th Cir. 2007), *citing Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).  The Louisiana Civil Code states, "Each spouse acting alone may manage, control, or dispose of community property unless otherwise provided by law."  La. Civ. Code Ann. art. 2346 (West 2007).  There are two possible exceptions to this rule that are provided by the Code.  First, as to sale or lease of property, "[t]he concurrence of both spouses is required for the alienation, encumbrance, or lease of community immovables . . . ."  La. Civ. Code Ann. art. 2347 (2007).  Second, "[t]he donation of community property to a

third person requires the concurrence of the spouses . . . ." La. Civ. Code Ann. art. 2349 (West 2007).  There appears to be no question here that this matter does not involve sale, lease, or donation of community property, and therefore the two possible exceptions to the rule do not apply.  Thus, because the Civil Code allows each spouse, husband or wife, to manage their property, it would appear clear that Kirk Melerine's consent to settle is all that is needed to consummate settlement.  The Court recognizes that Louisiana law presumes that defendants are aware of the requirement of gaining the explicit consent of the plaintiff to settle, and that defendants "assume the risk of their failure to determine that such requirements have been met." *Townsend*, 643 So.2d at 790.  However, third parties should also be protected from intramarital disputes concerning community property.  As stated by Spaht and Moreno:

> If it is true that *either* spouse is a proper party [in a suit regarding community property], it also follows that *both* spouses are proper parties to enforce the 'community right.'  Unclear from the procedural revision is what happens if the spouses disagree as to how to conduct the litigation.  Of overriding concern, of course, is protection of the third person who is being sued, and he ought to be free from the problems of the spousal disputes to the extent possible.

Katherine S. Spaht & Richard D. Moreno, 16 Louisiana Civil Law Treatise, Matrimonial Regimes § 5:19, at 421 (West 2007) (emphasis in original).  It is reasonable that a defendant, dealing with married plaintiffs concerning their community property, should be able to rely on the representations of one of the plaintiffs, and it is this reasonable expectation that is incorporated into the Louisiana Civil Code.  Therefore, this Court concludes that the specific Code provisions regarding management of community property, and the overriding policy concerns embodied in the Code, require the conclusion that the consent of Kirk Melerine to settle this matter was adequate to execute the settlement.

### III.  CONCLUSION

Accordingly, **IT IS ORDERED** that the State Farm's Motion for Summary Judgment to Enforce Compromise (Rec. Doc. 26) is **GRANTED**, and Plaintiffs' Motion to Reopen Case (Rec. Doc. 31) is **DENIED.**

New Orleans, Louisiana, on this __20th__ day of February, 2008.

                                              **STANWOOD R. DUVAL, JR.**
                                              **UNITED STATES DISTRICT JUDGE**